**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANA BARBARA ORTIZ-BACHORIK,**

         **Plaintiff,**

**-vs-**                                                                      **Case No. 6:11-cv-29-Orl-22DAB**

**MAGISTRATE MARIA M. HINDS,**
**JUDGE CYNTHIA MACKINNON,**

         **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**   January 10, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the

requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is frivolous if it is without arguable merit either in law or fact. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*  Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have "license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other groun.

Plaintiff filed her Complaint seeking "expedited injunctive relief for the denial of certain rights secured by the United States constitution and Florida child custody/marital law." Doc. 1. She states:

> In [September] 2008, I filed for divorce at the [Orange County Courthouse] (case #08-04-14277) it was ver complex as my estranged spouse is a foreigner (Czech Republic) and became across the board violent. This petition was placed on hold [twice] because of its complexity (child custody, marital property involved). I requested in June (2010) (last summer) that my divorce be placed on hold as my spouse has been extremely threatening and violent and he was moving around marital funds. The divorce was temp. abated and I requested that it be heard by a judge not a magistrate (I requested a divorce trial). In late 8/10 a hearing was held illegally, in which only my husband (Don Bachorik) was present. Magistrate Hinds and Judge Mackinnon grossly violated my due process rights and my rights under Florida Marital Law by holding a divorce hearing "in front of a magistrate" without my consent without notification. And the entire ruling was illegal (and unconstitutional). I wasn't even present, there was a fundamental inequity in decree. Both judicial officers continue to refuse my constitutional right to due process. I am asking for expedited injunctive relief.

Doc. 1. Plaintiff seeks expedited injunctive relief against two state court judges, Orange County Judge Mackinnon and Magistrate Hinds for violation of her constitutional due process rights. Although Plaintiff alleges that she is seeking injunctive relief, in reality it appears that a judgment was entered against her and she is seeking to enjoin enforcement of that judgment.

Federal courts generally cannot review state court proceedings that address divorce or custody proceedings, since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)). The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state

proceedings and 'inextricably intertwined' with the state court's judgment." See *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988)). The *Rooker-Feldman* doctrine bars claims both for damages and injunctive relief. *See, e.g., Garry v. Geils*, 82 F.3d 1362, 1370 (7th Cir.1996),

The case of *Staley v. Ledbetter* is on point. In *Staley*, the Eleventh Circuit dismissed federal claims which essentially sought review of a state child custody determination. 837 F.2d 1016 (11th Cir. 1988). The adopted mother in the *Staley* case first sought to regain custody of her child in the Georgia state court system, but lost in the juvenile court, the state court of appeals, and in the state supreme court. *Id*. The adoptive mother then filed a federal suit claiming violations of her constitutional rights, which the district court dismissed for lack of jurisdiction. The Eleventh Circuit affirmed the dismissal, stating, "[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Staley*, 837 F.2d at 1018; *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (dismissing federal claims by parent challenging decision of state court to terminate visitation rights and seeking to enforce original custody decree).

To the extent Plaintiff is seeking review of the state court's decisions regarding her divorce or custody proceedings, the *Rooker-Feldman* doctrine precludes such review. Though the Supreme Court in recent years narrowed the application of the *Rooker-Feldman* doctrine to cases where the plaintiff was the losing party in state court and sought federal review after the state proceedings ended, "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 291 (2005), the doctrine applies to preclude Plaintiff's claims seeking injunctive relief of the enforcement of a state court divorce or custody decision.

In addition, Plaintiff has sued two state court judges who are immune from suit. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (per curiam); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). Such immunity protects judges from liability for damages unless the judge acts in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

In this case, Plaintiff seeks relief from the decision of two state court judges regarding her divorce and child custody proceedings. Because the Court determines that Plaintiff's complaint fails to state a claim on which relief may be granted under the limited jurisdiction of the federal court, it is respectfully **RECOMMENDED** that her motion to proceed in forma pauperis be **DENIED** and her complaint be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 13, 2011.

*David A. Baker*

          DAVID A. BAKER
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy